UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-10013-CR-MOORE/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAMON MENDOZA ZAPATA,

    Defendant.
_____/

FILED BY ____AT____ D.C.

Nov 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE having come on to be heard upon the Order of Reference (ECF No. 15) from United States District Judge K. Michael Moore to the undersigned, to conduct a proceeding for acceptance of a guilty plea by Defendant, RAMON MENDOZA ZAPATA in the above referenced case. The undersigned, having conducted a Change of Plea hearing on November 16, 2023, recommends to the District Court as follows:

1. On November 16, 2023, the undersigned convened a hearing to permit Defendant, RAMON MENDOZA ZAPATA to enter a change of plea in the aforementioned matter. At the outset of the hearing, the undersigned advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, the Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. The undersigned further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the

Defendant's sentence.

2. The Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the Change of Plea hearing.

3. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. This Court made certain that the Defendant was aware of any minimum mandatory sentences and the maximum sentences which could be imposed in this case pursuant to the applicable statutes. The Defendant acknowledged that he understood these possible maximum penalties which could be imposed in his case.

5. Defendant, RAMON MENDOZA ZAPATA pled guilty to the sole count of the Indictment, which charges him with illegal reentry into the United States after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

6. The Government stated a factual basis for the entry of the plea which included all of the essential elements of the crime to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable.

7. Based on all of the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, RAMON MENDOZA ZAPATA be found to have freely and voluntarily entered his guilty plea to the sole count of the Indictment as more particularly described herein and that he adjudged guilty of that offense.

8. A Presentence Investigation Report is being prepared for the District Court by the

United States Probation Office. Sentencing will be set before the Honorable K. Michael Moore, United States District Judge, 301 Simonton Street, 1st Floor Courtroom, Key West, Florida 33040.

Accordingly, the undersigned RECOMMENDS that Defendant, RAMON MENDOZA ZAPATA'S plea of guilty be accepted, the Defendant be adjudged guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error, if necessary, in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Key West, Florida, this 17th day of November 2023.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

U.S. Probation (KW)